IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NEIL C. PETERSON,  )
                   )
     Plaintiff,    )    2:08-cv-00442-GEB-KJM
                   )
     v.            )    ORDER
                   )
COUNTY OF NEVADA,  )
                   )
     Defendant.    )
_____)

Defendant moves for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) on all of Plaintiff's claims. Plaintiff alleges California Proposition 115, which permitted hearsay testimony to be admitted at his preliminary hearing in his California state criminal proceeding, violates his Fourth, Sixth, and Fourteenth Amendment rights. "A judgment on the pleadings is properly granted when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." Fairbanks North Star Borough v. U.S. Army Corps of Engineers, 543 F.3d 586, 591 (9th Cir. 2008) (quotation and citation omitted).

Plaintiff alleges Proposition 115 violated his Sixth Amendment right to confrontation and rendered his counsel ineffective

1

since it authorized admission of hearsay evidence at his preliminary hearing. However, as the Seventh Circuit stated in <u>United States v. Andrus</u>, 775 F.2d 825, 836 (7th Cir. 1985) (citation omitted):

> The sixth amendment to the United States Constitution provides in part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . ." The confrontation right applies at trial. "The right to confrontation is basically a trial right. It includes both the opportunity to cross-examine and the occasion for the jury to weigh the demeanor of the witness." <u>Barber v. Page</u>, 390 U.S. 719, 725, 88 S.Ct. 1318, 1322, 20 L.Ed.2d 255 (1968); see also <u>Gerstein v. Pugh</u>, 420 U.S. 103, 121-22, 95 S.Ct. 854, 866-67, 43 L.Ed.2d 54 (1975) (confrontation a formality and safeguard designed for trial). The right to confrontation applies when the ability to confront witnesses is most important - when the trier of fact determines the ultimate issue of fact. Consequently, the sixth amendment does not provide a confrontation right at a preliminary hearing, <u>United States v. Harris</u>, 458 F.2d 670, 677-78 (5th Cir.), <u>cert. denied</u>, 409 U.S. 888, 93 S.Ct. 195, 34 L.Ed.2d 145 (1972).

<u>See also</u> <u>Whitman v. Super. Ct.</u>, 54 Cal. 3d 1063, 1082 (1991) (holding admission of hearsay evidence at a preliminary hearing under Proposition 115 does not violate the Sixth Amendment). Therefore, Plaintiff's counsel was not rendered ineffective by Proposition 115.

Plaintiff contends notwithstanding any prior authority holding he lacks a Sixth Amendment right to confrontation at a preliminary hearing, the Supreme Court decision in <u>Crawford v. Washington</u>, 541 U.S. 36, 68-69 (2004), holds he has that right. However, <u>Crawford</u> concerned the admissibility of hearsay evidence at trial. <u>Id.</u> at 38 (stating the issue was whether admission of hearsay testimony "[a]t . . . trial" violated the Sixth Amendment). "<u>Crawford</u> . . . does not [a]ffect the admissibility of evidence at a preliminary hearing." <u>Mendoza v. Solis</u>, No. CV F 05-0456, 2008 U.S. Dist. LEXIS

2

35170, at *16 (E.D. Cal. Apr. 29, 2008), adopted by 2008 U.S. Dist. LEXIS 52437 (E.D. Cal. June 16, 2008).

Plaintiff further alleges Proposition 115 violated his Fourth Amendment right to have a determination made on "whether there [was] probable cause for detaining [him] pending further proceedings" since the determination was based on hearsay evidence. Gerstein v. Pugh, 420 U.S. 103, 120 (1975). However, a probable cause determination may be based on "hearsay . . . testimony." Id.

Plaintiff further alleges Proposition 115 violated his substantive due process rights under the Fourteenth Amendment. However, the Fourteenth Amendment is inapplicable here because the Sixth Amendment "provides an explicit textual source of constitutional protection" concerning the admission of hearsay at a preliminary hearing, since "the plain language of the Sixth Amendment [applies to] 'all criminal prosecutions'" and a "preliminary hearing is . . . a . . . part or stage of a criminal prosecution." Albright v. Oliver, 510 U.S. 266, 273 (1994) (plurality opinion) (quoting Graham v. Connor, 490 U.S. 386, 395 (1989)); Coleman v. Alabama, 399 U.S. 1, 11 (1970) (Black, J., concurring). Accordingly, Defendant's motion is granted.

Plaintiff requests leave to amend his Complaint. However, "leave to amend will not be granted where an amendment would be futile." Theme Promotions, Inc. v. News Am. Marketing FSI, 546 F.3d 991, 1010 (9th Cir. 2008) (citation omitted). Based on the rulings
//
//
//
//

3

above, it would be futile to grant Plaintiff leave to amend.
Therefore, judgment shall be entered in favor of Defendant.

Dated: March 12, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge